### No. 4923.

### MRS. SALLIE J. PINKSTON vs. MORSE & ZUNTS.

The intention of the testator is the law of this case. That intention was: First—To give to each of the parties, three in number, named in a certain clause of the will, five thousand dollars. Second—In case of the death of either or all of them, he willed that the shares bequeathed to them should go to the universal legatee. Third—He ordered that none of the legatees should be paid until the happening of a certain contingency. Neither of the contingencies has happened, and there is no possibility of its happening.

It is also clear that the testator intended that his universal legatee should receive the legacies mentioned in case the three legatees did not marry before they reached the age of twenty-one or did not reach that age. Two of them died before these contingencies happened. The amounts left to them are therefore, under the terms of the will, to be gathered by the universal legatee, and not by the surviving sister and legatee, the plaintiff in this case.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier,* J. *Clarke, Bayne & Renshaw,* for plaintiff and appellee. *William H. Hunt* and *J. A. Campbell,* for defendants and appellants.

MORGAN, J. This suit is based upon the following clause in the will of the late S. F. Slatter:

"I hereby give and bequeath to the three children of my niece, Martha Hill Slatter, who married in Alabama, and is now dead, the sum of fifteen thousand dollars, payable to them by my executors in the following manner: Each of said three children, now residing, to the best of my knowledge and belief, in Montgomery county, Alabama, shall receive five thou_ sand dollars, without interest; and in case of the death of either of said three children, his or her share, amounting to five thousand dollars, shall

go to and be received by my universal legatee, Hope H. Slatter; and I also will and direct that each of said three children shall receive his or her share of five thousand dollars when he or she marries or attains the age of twenty-one years."

The defendants are assignees of the universal legatee, and contend that the legacy to two of the three children has lapsed by their death *subsequent* to the death of the testator and before they reached the age of twenty-one years. The plaintiff is sole heir of her two deceased sisters, the three sisters being the three children of Martha Hill Slatter, mentioned in the will.

Mr. Slatter died on or about the fifth of July, 1861, the three children surviving. They were born respectively, Sallie J. Burch, twenty-fourth of November, 1855; Fanny, twenty-second June, 1853; Betty, thirteenth of August, 1854. Fanny and Betty both died in August, 1864; the plaintiff, Sallie, was married October 24, 1872. The legacy of five thousand dollars has been paid to her, and she now claims to be recognized as heir of her sisters for the remaining ten thousand dollars. No question is made as to the prematurity of the action, all parties desiring the settlement of rights.

If the will gave to the children whose rights are in question here the sum of five thousand dollars, to be paid when they, respectively, married or reached the age of twenty-one years, and stopped there, no doubt would arise in our minds as to the plaintiff's rights. The time fixed for the payment of the legacies would only have been a term attached thereto, and those legatees who died before the term at which they were to have been paid had arrived would have transmitted their rights to their heir. But the will does not stop there. The testator had instituted a universal legatee, and he declared, with reference to the bequests which we are now considering, that "in case of the death of either of said three children, his or her share, amounting to five thousand dollars, shall go to and be received by my universal legatee, Hope H. Slatter." The intention of the testator is the law of this case, "*voluntas testatoris totum fecit.*"

What was the intention of the testator?

First—He desired to give to each of the parties named in the clause of the will five thousand dollars.

Second—In case of the death of either or all of them, he willed that the shares bequeathed to them should go to his universal legatee.

Third—He ordered that none of the legacies should be paid until the happening of certain contingencies.

Neither of the contingencies has happened, and there is no possibility of its happening. It seems to us, therefore, that the plaintiffs are without a case. It is also clear to us that the testator intended that his

universal legatee should receive the legacies mentioned in case the legatees did not marry before they reached the age of twenty-one, or did not reach that age. It is admitted that they never married and that they had not reached the age of twenty-one when they died. The amounts left to them are, therefore, we think, under the terms of the will to be gathered by the universal legatee.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed, and that there be judgment in favor of the defendants, with costs in both courts.

Rehearing refused.